

**U.S. BANKRUPTCY COURT  
NORTHERN DISTRICT OF TEXAS**

**ENTERED**

TAWANA C. MARSHALL, CLERK  
THE DATE OF ENTRY IS  
ON THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

_____

Signed August 27, 2009                                                                 **United States Bankruptcy Judge**

---

*UNITED STATES BANKRUPTCY COURT  
FOR THE NORTHERN DISTRICT OF TEXAS  
FORT WORTH DIVISION*

_____

| | | |
|---|---|---|
| In re | § § | |
| SPIRIT OF PRAYER MINISTRIES, INC. | § § | Case No. 07-43858-dml-11 |
| Debtor | § § | |

_____

**FINDINGS OF FACT AND CONCLUSIONS OF LAW WITH RESPECT TO  
SECOND AMENDED PLAN OF REORGANIZATION OF  
SPIRIT OF PRAYER MINISTRIES, INC.**

On August 12, 2009, the Court held a hearing to consider approval of the Second Amended Plan of Reorganization [Docket No. 113] (the "Plan") filed by Spirit of Prayer Ministries, Inc. (the "Debtor"). At the August 12, 2009 hearing, the Debtor announced modifications to the Plan which are embodied in the Third Amended Plan, [Docket No. 142] (the

**FINDINGS OF FACT AND CONCLUSIONS OF LAW WITH RESPECT TO  
SECOND AMENDED PLAN OF REORGANIZATION OF SPIRIT OF PRAYER MINISTRIES, INC.**                                                                 Page 1

"Amended Plan"), consideration of which was made by the Court at the hearing. Based upon the evidence and argument presented at the hearing, the Court hereby makes these Findings of Fact and Conclusions of Law ("'Findings and Conclusions"), pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure ("'Bankruptcy Rules"). The Court finds and concludes as follows:

1. This Court has jurisdiction to hear and determine the confirmation of the Amended Plan pursuant to II U.S.C. § 157 and 1334. This matter is core proceeding within the meaning of 28 U.S.C. § 157(b) (2) (A) and (L).

2. On September 3, 2007 (the "Petition Date") the Debtor commenced its reorganization case by filing a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"). The Debtor conducts its business as a debtor and debtor-in-possession. The principal place of business of the Debtor is in Texas, with its principal office in Fort Worth, Texas. Accordingly, venue in the Northern District of Texas is proper as of the Petition Date and continues to be proper pursuant to 28 U.S.C. § 1408. Pursuant to section 1121 of the Bankruptcy Code, the Debtor was authorized to file the Amended Plan.

3. The Amended Plan, reduced to basics, provides for the payment in full, in cash, of all Allowed Claims over periods of time, with interest and retained or granted liens, all as specified in the Amended Plan.

4. **Section 1129(a) (1) - Compliance of the Amended Plan with Applicable Provisions of the Bankruptcy Code.**

The Amended Plan complies with all applicable provisions of the Bankruptcy Code, as required by section 1129(a) (1) of the Bankruptcy Code, including sections 1122, 1123 and 1125 of the Bankruptcy Code.

      a. **Sections 1122 and 1123(a) (1)-(4) - Classification and Treatment of Claims and Interests.**

Pursuant to section 1122(a) and 1123(a) (1) of the Bankruptcy Code, Article III of the Amended Plan designates Classes of Claims and Interests, other than Administrative Claims and Administrative Fees. As required by section 1122(a), each Class of Claims and Interests for the Debtor contains only Claims or Interests that are substantially similar to the other Claims or Interests within that Class for the Debtor. The Amended Plan contains six (6) Classes of Claims and Interests, designated as Classes 1 through 6. Such classification is proper under section 1122(a) of the Bankruptcy Code because such Claims and Interests have differing rights among each other and against the Debtor's assets or differing interests in the Debtor. Pursuant to section 1123(a) (2) of the Bankruptcy Code, Article IV of the Amended Plan specifies that Classes 2, 3, 4, 5 and 6 of Claims and Interests are impaired under the Amended Plan and further specifies the treatment of all Claims and Interests under the Amended Plan. Pursuant to section 1123(a) (4) of the Bankruptcy Code, Article IV of the Amended Plan also provides the same treatment for each Claim or Interest within a particular Class, unless the Holder of such Claim or Interest agrees to less favorable treatment of their Claim or Interest. The Amended Plan therefore complies with sections 1122 and 1123(a) (1)-(4) of the Bankruptcy Code.

      b. **Section 1123(a) (5) - Adequate Means for Implementation of the Amended Plan.**

Article VI and various other provisions of the Amended Plan provide adequate means for the Amended Plan's implementation. Those provisions relate to, among other things: (i) the reorganization of the Debtor; (ii) the vesting of certain assets in the Reorganized Debtor; (iii) the management and direction of the Reorganized Debtor; (iv) the procedures for resolving disputed, contingent and unliquidated Claims against the Debtor and the distribution of Cash to Holders of Allowed Claims and Interests entitled to receive such distributions under the

Amended Plan.

      c.    **Section 1123(a) (7) - Selection of Directors and Officers in a Manner Consistent with the Interest of Creditors and Equity Security Holders and Public Policy.**

Article XIV and Section 14.07 of the Amended Plan provides for the management, control and operation of the Reorganized Debtor. The directors and officers therein identified shall serve as directors and officers of the Reorganized Debtor after the Effective Date. Each director shall serve from and after the Effective Date in accordance with applicable non-bankruptcy law. The Amended Plan is consistent with the interests of creditors, equity security holders and public policy and, therefore, complies with section 1123(a) (7) of the Bankruptcy Code.

      d.    **Section 1123(b) (1)-(2) - Impairment of Claims and Interests and Assumption, Assumption and Assignment or Rejection of Executory Contracts and Unexpired Leases.**

In accordance with section 1123(b)(1) of the Bankruptcy Code and Article III of the Amended Plan, each Allowed Claim or Interest in Classes 1,2,3,4,5 and 6 is impaired under the Amended Plan pursuant to II U.S.C. §1124, and therefore Holders of those Allowed Claims and Interests must accept the Amended Plan pursuant to II U.S.C. §1126(a). In accordance with 1123(b)(2) of the Bankruptcy Code, Article XII of the Amended Plan provides for the rejection of executory contracts and unexpired leases of the Debtor that have not been previously assumed, assumed and assigned or rejected pursuant to section 365 of the Bankruptcy Code. The Amended Plan therefore complies with sections 1123(b) (1)-(2) of the Bankruptcy Code.

      e.    **Section 1123(b) (6) - Other Provisions Not Inconsistent with Applicable Provisions of the Bankruptcy Code.**

The Amended Plan includes additional appropriate provisions that are not inconsistent with applicable provisions of the Bankruptcy Code, including, but not limited to: (i) the provisions of Articles VI and VIII of the Amended Plan regarding the means for implementing the Amended

Plan; (ii) the provisions of Article XI of the Amended Plan governing the assumption, assumption and assignment or rejection of executory contracts and unexpired leases; (iii) the provisions of Article IX and X of the Amended Plan governing distributions on account of Allowed Claims and Interests and Disputed Claims; (v) the provisions of Article XIV of the Amended Plan regarding the exculpation and release with respect to the individuals therein identified; and (vi) the provisions of Article XIII of the Amended Plan regarding retention of jurisdiction by the Court over certain matters after the Effective Date. The Amended Plan is therefore in compliance with section 1123(b) (6) of the Bankruptcy Code.

    f.  **Section 1125 - Solicitation in Good Faith.**

Pursuant to section 1125 of the Bankruptcy Code, the Amended Plan was solicited in good faith and not by any means forbidden by law, and no unauthorized solicitations were made.

  5.  **Section 1129(a) (2) - Compliance with Applicable Provisions of the Bankruptcy Code.**

The Debtor, as the proponent of the Amended Plan, has complied with all applicable provisions of the Bankruptcy Code, as required by section 1129(a) (2) of the Bankruptcy Code, including, but not limited to, section 1125(e) of the Bankruptcy Code and Bankruptcy Rules 3016 and 3017. The Amended Plan therefore complies with section 1129(a) (2) of the Bankruptcy Code.

  6.  **Section 1129{a) (3) - Proposal of the Amended Plan in Good Faith.**

The Debtor has proposed the Amended Plan in good faith and not by means forbidden by law. In determining that the Amended Plan has been proposed in good faith, the Court has examined the totality of the circumstances surrounding the formulation of the Amended Plan. Based upon the evidence presented at the Confirmation Hearing, the Court finds and concludes that the Amended Plan has been proposed with the legitimate purpose of reorganizing the

Debtor's Estate while maximizing the returns available to creditors of the Debtor.

7. **Section 1129(a) (4) - Bankruptcy Court Approval of Certain Payments as Reasonable.**

Article II of the Amended Plan provides that Professional Persons shall file applications for final allowance of Fee Claims not later than twenty (20) days after the date of entry of the Order confirming the Amended Plan. The Court will review the reasonableness of such applications under section 328 and 330 of the Bankruptcy Code and any applicable case law. Upon the Effective Date, any requirement that Professional Persons comply with sections 327 through 33 I of the Bankruptcy Code in seeking retention or compensation for services rendered after such date will terminate. In light of the foregoing, the Amended Plan complies with section 1129(a) (4) of the Bankruptcy Code.

8. **Section 1129(a) (5) - Disclosure of Identity of Proposed Management**

Article XIV and Section 14.07 of the Amended Plan provide that on and after the Effective Date, the Reorganized Debtor will be managed, controlled and operated by the board of directors and officers therein identified. The Amended Plan therefore complies with Section 1129(a) (5) of the Bankruptcy Code.

9. **Section 1129(a) (6) - Approval of Rate Changes.**

The Amended Plan does not provide for any rate change regarding rates governed by any regulatory commission with jurisdiction that has or will have jurisdiction. Therefore, the provisions of section 1129(a) (6) do not apply to the Amended Plan.

10. **Section 1129(a) (7) - Best Interests of Holders of Claims and Interests.**

Each Allowed Claim in Class 1 is unimpaired under the Amended Plan pursuant to 11 U.S.C. § 1124. Each Holder of a Class 1 Allowed Claim will be paid in full. Therefore Holders of those Allowed Class 1 Claims are deemed to have accepted the Amended Plan pursuant to II U.S.C. § 1126(1). All other classes of Claims are impaired and will receive or retain under the

Amended Plan on account of their claims, property of a value, as of the Effective Date of the Amended Plan, property of a value that is not less than the holder of such claims would receive or retain if the Debtor were liquidated under chapter 7 of the Bankruptcy Code on the Effective Date.

11.   **Section 1129(a) (8) - Acceptance of the Amended Plan.**

Each Allowed Claim in Class 1 is unimpaired under the Amended Plan pursuant to 11 U.S.C. § 1124, and therefore Holders of those Allowed Claims are deemed to have accepted the Amended Plan pursuant to 11 U.S.C. § 1126(f). Holders of impaired claims in all other Classes under the Amended Plan have voted to accept the Amended Plan. The Amended Plan therefore complies with section 1129(a) (8) of the Bankruptcy Code.

12.   **Section 1129(a) (9) - Treatment of Claims Entitled to Priority Pursuant to Section 507(a) of the Bankruptcy Code.**

a.   Article IV of the Amended Plan provides for treatment of Administrative Claims and Priority Tax Claims, subject to certain bar date provisions consistent with Bankruptcy Rules 3002 and 3003, in the manner required by section 1129(a)(9) of the Bankruptcy Code.

b.   Holders of Allowed Administrative Claim and Priority Tax Claims will receive on account of such Allowed Claim and in full satisfaction, settlement, release and discharge of and in exchange for such Allowed Claim, (i) Cash equal to the unpaid portion of such Allowed Claim; (ii) regular installment payments made in accordance with the provisions of section 1129(a)(9)(C); or (ii) such other treatment to which the Debtor and the Holder of such Allowed Claim have agreed upon in writing.

c.   In light of the foregoing, the Amended Plan complies with section 1129(a) (9) of the Bankruptcy Code.

13. **Section 1129(a) (10) - Acceptance by at Least One Impaired Non Insider Class.**

The Amended Plan has been accepted by at least one Impaired Non Insider Class of Claims. Therefore, the Debtor, as proponent of the Amended Plan, has complied with section 1129(a) (10) of the Bankruptcy Code.

14. **Section 1129(a) (11) - Feasibility of the Amended Plan.**

The evidence establishes that the Amended Plan is feasible and that the Amended Plan is not likely to be followed by any liquidation or the need for further financial reorganization of the Debtor, its Estate or the Reorganized Debtor. The Amended Plan therefore complies with section 1129(a) (11) of the Bankruptcy Code.

15. **Section 1129(a) (12) - Payment of Bankruptcy Fees.**

Article XIV, Section 14.01 of the Amended Plan provides that all fees due and payable pursuant to 28 U.S.C. § 1930(a) (6) shall be paid in full on the effective date of the Amended Plan. The Amended Plan therefore complies with Section 1129(a) (12) of the Bankruptcy Code.

16. **Section 1129(a) (13) - Retiree Benefits.**

The Debtor is not obligated to pay retiree benefits (as defined in section 1114(a) of the Bankruptcy Code), and thus the Amended Plan is in compliance with section 1129(a) (13) of the Bankruptcy Code.

17. **Section 1129(b) - The Amended Plan is Fair and Equitable.**

Because each Allowed Claim in Class I is unimpaired and are deemed to have accepted the Amended Plan, impaired claims Classes 2, 3, and 4 have voted to Accept the Amended Plan and Interests in Class 5 are cancelled under the Amended Plan and will receive nothing with respect to such Interests, the Amended Plan is found to be fair and equitable in accordance with section 1129(b) of the Bankruptcy Code.

18. **Section 1129(d) - Purpose of the Amended Plan.**

The primary purpose of the Amended Plan is neither avoidance of taxes nor avoidance of the requirements of Section 5 of the Securities Act, and there has been no objection filed by any governmental unit asserting such avoidance. The Amended Plan therefore complies with section 1129(d) of the Bankruptcy Code.

19. **Specific Findings with Respect to the Class 4 Claim of the Hazel Hodges Estate.**

For purposes of confirmation of the Amended Plan, the Court values the claim of the Hazel Hodges Estate (the "Hodges Claim") at the amount of the Hodges Claim, as filed; provided, however, that this estimation of the Hodges Claim is expressly subject to, and is without prejudice to, any Order this Court may issue with respect to the allowed amount of the Hodges Claim. The Amended Plan provides that the Hodges Claim will be secured by a deed of trust lien on the property of the Reorganized Debtor located in Forest Hill, Texas and that such lien is subject to the statutory liens of tax authorities. The Court finds that an appropriate post-confirmation interest rate applicable to payment of the Hodges Claim is 5% percent per annum, and Article Iv, Section 4.04 of the Amended Plan is deemed amended to reflect such rate of interest.

20. The Court has expressly authorized the submission of these Findings and Conclusions by Counsel for the Debtor, has independently reviewed these Findings and Conclusions and has determined that they should be issued to supplement the Confirmation Order. If there is any inconsistency between these Findings of Fact and Conclusions of Law and the Confirmation Order, the Confirmation Order shall control.

### END OF FINDINGS AND CONCLUSIONS ###

Submitted and prepared by:

**John E. Leslie, SBN (Texas) 12231400**
**JOHN E. LESLIE, ATTORNEY AND COUNSELOR**
**2340 Interstate 20 West, Suite 218**
**at Heritage Rock**
**Arlington, Texas 76017**
**(817) 505-1291 phone**
**(817) 505-1292 fax**
<u>arlingtonlaw@aol.com</u> email

**ATTORNEY FOR DEBTOR**